CASE NUMBER: 23-1062

---

## IN THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

---

### Brokerate Capital Partners, LLC,
### Plaintiff-Appellant,

### v.

### The Detroit Institute of Arts,
### Defendant-Appellee.

---

## ON APPEAL FROM THE EASTERN DISTRICT OF MICHIGAN, Southern Division, Honorable George Caram Steeh, Case No. 2:23-cv-10066

---

## Motion of the Association of Art Museum Directors, American Alliance of Museums, and Individual Art Museums for Leave to File *Instanter* a Brief as *Amici Curiae* in Support of Defendant-Appellee

---

The Association of Art Museum Directors (the "AAMD"), the American Alliance of Museums ("AAM") and certain of their members listed in the contemporaneously submitted brief (together with the AAMD and AAM, collectively, "Proposed *Amici*") hereby move for leave to file a brief as *amici curiae* in support of Defendant-Appellee The Detroit Institute of Art's ("DIA") opposition to the emergency motion for injunction

pending appeal.  DIA has consented to, and Plaintiff-Appellant Brokerarte Capital Partners, LLC does not oppose, this motion.

Proposed *Amici* have an interest in this matter because (a) the AAMD consists of more than 220 members across North America who regularly apply for and obtain immunity from the State Department under 22 U.S.C. § 2459(a) ("Section 2459(a)") for art and cultural objects borrowed from foreign lenders; (b) the AAM represents many museums in the United States that also take advantage of Section 2459(a); and (c) the individual museums listed utilize Section 2459(a) in their everyday work creating exhibitions for the public's benefit.  Interpreting Section 2459(a) to permit an injunction against a borrowing museum if the borrowing museum cannot prove ownership would discourage such transactions and hinder efforts to display foreign-owned art and other objects to public viewers.

Federal Rule of Appellate Procedure 29 allows for the filing of amicus briefs "during a court's initial consideration of a case on the merits." Fed. R. App. P. 29(a)(1).  "The traditional function of an amicus curiae is to assist in cases of general public interest by supplementing the efforts of private counsel and by drawing the court's attention to law that might otherwise escape consideration[.]" *Shoemaker v. City of Howell*, 795 F.3d 553, 562 (6th

Cir. 2015) (quoting 3–28 Moore's Manual—Federal Practice and Procedure § 28.84 (2014)).

Although the rule does not speak directly to the filing of amicus briefs in connection with emergency motions for injunctive relief, the Court has routinely granted *amici* leave to file in similar situations. *E.g.*, *Ohio v. Becerra*, No. 21-4235, 2022 WL 413680, *5 (6th Cir. Feb. 8, 2022) (granting motions for leave to file amicus briefs and denying motion for injunction); *Castillo v. Whitmer*, 823 F. App'x 413, 418 (6th Cir. 2020) (same).

Here, Proposed *Amici* are uniquely situated to appreciate and communicate the anticipated impact that disturbing nearly 60 years of statutory implementation would have on the ability of museums in the United States to borrow and import works owned by foreign entities. This case involves a claim by a Florida corporate entity that it is the rightful owner of a Van Gogh painting that DIA borrowed from an anonymous private lender in Brazil. DIA is just one museum that has benefited and continues to benefit from the protections that Section 2459(a) offers foreign lenders of exhibition loans. The issue in this case is much broader than the specific facts here, as the immunity procedure at issue is routinely used by AAMD and AAM members to fill their exhibitions with a variety of works

3

owned by foreign governments, museums, and collectors. Proposed *Amici*'s brief provides that broader context to inform the Court's interpretation of Section 2459(a).

Proposed *Amici* therefore respectfully request that the Court grant leave to file *instanter* the amicus curiae brief being contemporaneously submitted in support of Defendant-Appellee's opposition to the motion for injunction pending appeal.

Respectfully submitted,

    */s/ Dennis R. Rose*
Stephen J. Knerly, Jr. (Ohio 0025280)
Dennis R. Rose (Ohio 0039416)
Katie L. Steiner (Ohio 0096933)
**HAHN LOESER & PARKS LLP**
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Phone: (216) 621-0150
Facsimile: (216) 241-2824
Email: sjknerly@hahnlaw.com
        drrose@hahnlaw.com
        ksteiner@hahnlaw.com

Elisé K. Yarnell (Ohio 0093996)
**HAHN LOESER & PARKS LLP**
65 E. State St., Suite 2500
Columbus, Ohio 43215
Phone: (614) 221-0240
Fax: (614) 221-5909
E-mail: eyarnell@hahnlaw.com
*Counsel for Proposed* Amici

14358652.3

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2023, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system, which will cause a copy of said document to be electronically transmitted to all counsel of record.

*/s/ Dennis R. Rose*
*Counsel for Proposed* Amici