No. 23-1062

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 6, 2023
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| BROKERARTE CAPITAL PARTNERS, LLC, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | )   O R D E R |
| | ) |
| DETROIT INSTITUTE OF ARTS, | ) |
| | ) |
| Defendant-Appellee. | ) |

Before: GUY, MOORE, and KETHLEDGE, Circuit Judges.

Plaintiff Brokerarte Capital Partners, LLC appeals the dismissal of its diversity replevin action, in which it sought to recover possession of Van Gogh's painting *Liseuse De Romans* (also known as "The Novel Reader" or "The Reading Lady"). Brokerarte moves for an injunction pending appeal directing Defendant, the Detroit Institute of Arts ("DIA"), to retain possession of the painting pending appeal. DIA opposes an injunction and seeks dismissal of the appeal, relying on a provision of the Immunity from Seizure Act ("the Act"), 22 U.S.C. § 2459, that it contends prohibits judicial relief if—as here—before it imported the painting, the United States State Department, through the Director of the United States Information Agency ("USIA"), caused notice to be published in the Federal Register that it had determined the painting was of cultural significance and its temporary display was in the national interest.[1] Brokerarte replies. We previously granted an administrative stay pending our consideration of this motion.

---

[1] *See* Executive Order 12047, March 27, 1978, 43 F.R. 13359, as amended by Executive Order 12388, October 14, 1982, 47 F.R. 46245 (avail at https://www.state.gov/executive-order-no-12047/#EXOR1).

Additionally, the Association of Art Museum Directors, American Alliance of Museums, and individual art museums (collectively, "the Museums") move to file an amicus brief in support of DIA's response in opposition.

In 2017, Brokerarte purchased *Liseuse De Romans*. Brokerarte alleges that it immediately transferred possession, but not title, of the painting to an unidentified third party and that party absconded with it. In the meantime, DIA curated an exhibit displaying numerous Van Gogh works assembled from foreign lenders. To secure loans of some of these works—including *Liseuse De Romans*—DIA applied to the State Department for immunity under the Act, which published notice in the Federal Register that the works were culturally significant and that importation of the works was in the national interest. The exhibit opened and, shortly before its scheduled run ended, Brokerarte confirmed *Liseuse De Romans* was part of the exhibit. Fearing it would be surrendered to the (as yet unidentified) lender when the exhibit closed, Brokerarte filed this action seeking to recover the painting. The district court denied Brokerarte's contemporaneously filed motion for a preliminary injunction and dismissed the action based on the immunity provision in § 2459. This appeal followed.

We first consider the Museums' motion to file an amicus brief. Amicus briefs may be permitted upon the "court's initial consideration of a case on the merits." Fed. R. App. P. 29(a)(1). We find this requirement met here, given that our consideration of a motion for injunction pending appeal requires addressing a movant's likelihood of success on appeal. *See Livingston Educ. Serv. Agency v. Becerra*, 35 F.4th 489, 491 (6th Cir. 2022) (order). The Museums otherwise complied with Federal Rule of Appellate Procedure 29, which governs the filing of amicus briefs, and the Museums' appearance will not result in any judge's disqualification on this panel. Fed. R. App. P. 29(a)(2)–(3), (a)(6).

In deciding whether to grant an injunction pending appeal we consider four factors: (1) whether the movant has a likelihood of success on appeal; (2) whether the movant "will be

irreparably harmed absent the injunction"; (3) whether the injunction would injure other interested parties; and (4) where the public interest lies. *Livingston Educ.*, 35 F.4th at 491. Having concluded these factors support an injunction pending appeal, we grant the motion.

The district court found it lacked authority to interfere with DIA's possession of the painting; the parties construe this as a jurisdictional determination given the limited authority discussing the Act. "[A] federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). We review the district court's legal conclusions de novo and its factual findings for clear error. *See Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003).

The starting point for questions of statutory interpretation is the language of the statute itself; only if those terms are ambiguous will we consider other persuasive authority. *Tree of Life Christian Schs. v. City of Upper Arlington*, 905 F.3d 357, 367 (6th Cir. 2018). Section 2459(a) delegates to the President or his designee (here, the USIA) only the factual findings that an artwork is of cultural significance and its importation for temporary exhibition is in the national interest. *See* 22 U.S.C. § 2459(a); Exec. Order No. 12047, 43 Fed. Reg. 13359 (Mar. 29, 1978), *as amended by* Exec. Order No. 12388, 47 Fed. Reg. 46245 (Oct. 18, 1982). The Act sets out several antecedent requirements—including that the work be imported pursuant to an agreement entered into between the foreign owner or custodian of the artwork and the borrowing institution—before providing that no court may issue or enforce any judicial process against the borrowing institution if the State Department made its findings and caused notice to be published in the Federal Register. 22 U.S.C. § 2459(a). Only the factual findings concerning the cultural significance of the artwork and whether its display is in the national interest are specifically delegated to the State Department. Although the application for immunity requires the borrowing institution to submit statements regarding many of the antecedent requirements—including certifying the existence of the agreement outlined above—Congress did not delegate

these factual findings to the President or his designee, nor does it appear Congress contemplated doing so. *See* S. Rep. 89-747 (1965); H.R. Rep. 89-1070 (1965). Accordingly, Brokerarte has shown a likelihood of success on its argument that the district court was not divested of authority to determine if the antecedent requirements were met. Moreover, we cannot determine at this juncture whether these requirements were met even if we afford the executive any deference it is due.

As to irreparable harm, no one contests that Brokerarte owns *Liseuse De Romans* or that it is an irreplaceable work of art. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (citation omitted). But Brokerarte seeks possession of the painting, and "[o]riginal works of art are within the small category of intrinsically unique goods for which a specific performance remedy is appropriate." *Robins v. Zwirner*, 713 F. Supp. 2d 367, 374 (S.D.N.Y. 2010).

The third factor—harm to other interested parties—is of particular relevance here. "The United States government has an interest in ensuring proper enforcement of 22 U.S.C. § 2459(a)," as do the Museums. *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 798 F. Supp. 2d 260, 265 (D.D.C. 2011); *see also* S. Rep. 89-747 (1965) (noting support of the Act from the Departments of State and Justice and various museums); H.R. Rep. 89-1070 (1965) (same). To that end, the United States is entitled to intervene as of right if it seeks to do so. *See* 22 U.S.C. § 2459(b). The government has not done so yet, and granting an injunction pending appeal will not infringe on these interests; instead, it offers the government the opportunity to intervene should it choose to do so. As for the Museums, expediting this appeal limits any non-monetary or chilling effect on their current curation of exhibits that involve the Act.

Finally, we consider where the public interest lies. "The primary purpose . . . in enacting the [Act] was to encourage and assist cultural exchange with other countries." Rodney M. Zerbe,

*Immunity from Seizure for Artworks on Loan to United States Museums*, 6 Nw. J. Int'l L. & Bus. 1121, 1125 (1985). But because this appeal concerns whether the DIA may invoke § 2459(a)'s immunity, this factor neither strongly supports nor undermines an injunction pending appeal.

Accordingly, the motion for an injunction pending appeal is **GRANTED**, and DIA is **ORDERED** to maintain possession of *Liseuse De Romans* pending a decision on appeal. The administrative stay is **DISSOLVED**. The clerk is **ORDERED** to expedite the appeal for briefing and submission.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk