No. 23-1062

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
                                           FILED
                                        Apr 10, 2023
                                     DEBORAH S. HUNT, Clerk
```

BROKERARTE CAPITAL PARTNERS, LLC,     )
                                      )
    Plaintiff-Appellant,              )
                                      )
v.                                    )        O R D E R
                                      )
DETROIT INSTITUTE OF ARTS,            )
                                      )
    Defendant-Appellee,               )
                                      )
and                                   )
                                      )
UNITED STATES OF AMERICA,             )
                                      )
    Intervenor-Appellee.

Before: GUY, MOORE, and KETHLEDGE, Circuit Judges.

Plaintiff Brokerarte Capital Partners, LLC appeals the dismissal of its diversity replevin action, in which it sought to recover possession of Van Gogh's painting *Liseuse De Romans* (also known as "The Novel Reader" or "The Reading Lady"). On February 6, 2023, this court granted Brokerarte's motion for an injunction pending appeal ordering the defendant Detroit Institute of Arts (DIA) to maintain possession pending a decision on appeal. The United States has intervened as an appellee, and the Association of Art Museum Directors, American Alliance of Museums, and individual art museums (collectively "the Museums") submitted an amicus brief on the merits in support of the DIA. Brokerarte now moves for voluntary dismissal of this appeal pursuant to Fed. R. App. P. 42(b) because it has entered a confidential settlement agreement with the

unidentified third-party lender of the painting to the DIA. The DIA responded, moving as well for vacatur of this court's February 6 Order, and Brokerarte filed a reply.

This court will normally grant an appellant's motion to dismiss its appeal where no injustice or unfairness would result, although here the settlement that resolves the dispute was not reached with the appellee. *See, e.g.*, *United States v. Brenner*, 3 F.4th 305, 306 (6th Cir. 2021); 16AA *Federal Practice and Procedure Juris. (Wright & Miller)* § 3988 (5th ed.). We have discretion to dismiss the appeal on terms "fixed by the court." Fed. R. App. P. 42(b)(2). The DIA opposes dismissal absent vacatur of this court's February 6 Order.

In that regard, the DIA bears the burden of showing "equitable entitlement to the extraordinary remedy of vacatur." *U.S. Bancorp Mort. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 26 (1994). Here, the object of the DIA's motion is a short unpublished order. A principal interest in opposition to vacatur—that "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole," *id*.—is therefore markedly less present here. Moreover, the brief of the many amici Museums demonstrates that our unpublished order, if left unvacated, could significantly affect their operations going forward. Finally, because the appeal has been rendered moot as a result of a settlement to which the DIA is not a party, the DIA bore no responsibility whatever for rendering the case moot. We therefore grant the DIA's motion.

Accordingly, the motion for voluntary dismissal is **GRANTED**, this appeal is **DISMISSED WITH PREJUDICE**, the injunction pending appeal is **DISSOLVED,** and this court's February 6, 2023 Order is **VACATED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk